UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EILEEN MALDONADO                              CIVIL ACTION

VERSUS                                        NO: 13-6772

ARCHER WESTERN CONSTRUCTION,                  SECTION: "A" (3)
LLC, ET AL.

**ORDER**

Plaintiff moves to strike defense witness Terrell Miceli Investigations and to exclude from trial any evidence of the surveillance that this company conducted of Plaintiff. Plaintiff points out that the discovery deadline expired on February 27, 2015, and even though the surveillance was conducted in November 2014, Plaintiff did not receive the video until February 27, 2015, and a copy of a supplemental witness list until February 24, 2015.

Defendant opposes the motion because according to Defendant the surveillance was prompted by Plaintiff's own eve-of-trial decision to consider surgery. Regarding the timeliness aspect, Defendant points out that it reasonably did not want to disclose the 2014 surveillance while intending to conduct additional surveillance, which it did conduct from February 21, 2015 through February 28, 2015.

This matter is scheduled to be tried to a jury on May 18, 2015. The discovery cutoff date was February 27, 2015. This

Court's long-standing policy is that no witness will be allowed to testify at trial until the opposing party has had an opportunity to depose him. Defendant's strategic decision to withhold the surveillance until the last day for discovery, and then attempt to supplement its witness list without leave of Court or consent on February 24, 2015 (Rec. Doc. 30), deprives Plaintiff of the opportunity to depose the investigator who conducted the surveillance. The motion to strike any evidence of the surveillance will therefore be granted.[1]

The Court admonishes Plaintiff, however, that the Court will not permit Plaintiff to mislead the jury by testifying under oath in blatant contradiction of what is contained in the surveillance video. Therefore, if Plaintiff opens the door by testifying at trial as to physical limitations that are contradicted by the video, and if the Court determines that the jury would be misled by not seeing the surveillance, then the Court will consider declaring a mistrial so that the evidence can be properly produced and admitted at a subsequent retrial. In that event, other appropriate action will likewise be considered.

Accordingly;

---

[1] The Court also points out that section 10(b) of the pre-trial notice issued on March 3, 2014 (Rec. Doc. 8-1), specifically instructs counsel on how to handle impeachment evidence to be withheld from the opposing party. Defendant did not comply with this directive. And to the extent that Defendant did not consider the surveillance to be impeachment evidence, the Federal Rules offer no option to withhold trial evidence for strategic reasons.

**IT IS ORDERED** that the **Motion to Strike (Rec. Doc. 34)** filed by Plaintiff is **GRANTED** as explained above.

\* \* \* \* \* \* \* \*

*Jay C. Zainey*