UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EILEEN MALDONADO

VERSUS

ARCHER WESTERN CONSTRUCTION,
LLC, ET AL.

CIVIL ACTION

NO: 13-6772

SECTION: "A" (3)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 57)** filed by Archer Western Contractors, LLC and Arch Insurance Co.; **Motion for Partial Summary Judgment (Rec. Docs. 53 & 59)** filed by plaintiff Eileen Maldonado. The motions, scheduled for submission on June 17, 2015, are before the Court on the briefs without oral argument.

On December 7, 2012, plaintiff Eileen Maldonado was driving her vehicle traveling on Cleveland Avenue towards the intersection of Elk Place in New Orleans, Louisiana. (Rec. Doc. 1-1, Petition ¶ 2).Maldonado alleges that she drove into a hole in the road as a result of the streets being repaired. (*Id.*). Defendant Archer Western was the prime contractor for the downtown streetcar rail project, and acknowledges that as a result of its construction activities, a section of the street through the neutral ground of Elk at Cleveland Avenue had been excavated. (Rec. Doc. 57-1, Archer Mat. Fact ¶¶ 1, 3). Maldonado's contention throughout this litigation has been that she drove into the excavated hole because there were no barricades up on the night of the accident.

This matter is scheduled to be tried to a jury on October 13, 2015 (Rec. Doc. 51).

Archer Western moves for summary judgment arguing that Maldonado has no proof that Archer Western failed to place barricades at the construction site. According to Archer Western, it cannot be responsible if a third-party moved the barricades for some reason. Based

on this line of reasoning, Archer Western seeks a complete dismissal of Maldonado's case.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Neither party is entitled to summary judgment but the arguments that Archer makes in support of summary judgment persuade the Court that Archer misconstrues the strength of its position in this litigation. Archer recognizes that it had a legal duty to erect warning signs or barricades sufficient to warn motorists of any unusual obstructions, perilous conditions, or defects in the road that would entail danger to the physical safety of those proceeding over such routes. (Rec. Doc. 57-2 at4) (citing *McCoy v. Franklin Par. Police Jury*, 414 So. 2d 1369, 1372 (La. App. 2d Cir. 1982)). Yet Maldonado will offer direct evidence (her own testimony) that there were no barricades or warning signs in place when she drove into the excavation hole at 10:30 p.m. Given that no barricades were in place at the time of the accident, only two

scenarios are possible: Either Archer Western's employees were remiss in their job duties on the day of the accident and failed to put the barricades in place at the end of the work day, *i.e.*, Archer failed to comply with its duty under the law; or Archer's employees put the barricades in place at the end of the work day but a third-party moved them. While it is true that Archer Western is *not necessarily liable* if in fact a third-party moved the barricades, the issue of third-party involvement only comes into play if Archer's employees actually erected the barricades in the first place. And third-party involvement in this case is completely speculative.

The weakness in Archer's position comes from the fact that Archer has no evidence whatsoever that its employees actually did erect the barricades on the day in question. It is clear that Adam Keckler, Archer's assistant project manager at the construction site who appears to be Archer's primary witness, has no first-hand personal knowledge that Archer's employees actually performed their duties properly on the day in question. Archer wants the jury to infer from evidence of its routine daily procedures that the barricades were originally in place on the day of the accident and then to speculate that a third-party must have tampered with them. But the third-party cases cited by Archer involved situations where it was undisputed that the defendant had in fact placed the barricades or warning signs. *See, e.g., Trahan v. Asphalt Assocs., Inc.*, 800 So. 2d 18, 21 (La. App. 3d Cir. 2001) ("However, there was evidence produced that Asphalt Associates placed warning signs and barricades in the area *at the conclusion of that day's work*." (emphasis added)); *Matheu v. Tangipahoa Par. Police Jury*, 399 So. 2d 698, 699 (La. App. 1st Cir. 1981) ("''[T]he warning signs and barricades had been knocked from their original positions and lay fragmented in the road.").[1]

Obviously, proof with respect to whether the barricades were ever put up on the day in

---

[1]   The Court also notes that the cases that Archer relies upon in support of its motion were cases in which appeals were taken from verdicts following a full trial on the merits, not cases where summary judgment was found to be appropriate.

question is crucial to both parties. Maldonado was prepared to testify at trial that workers at the site on the morning after the accident had admitted that they had forgotten to put the barricades up. The Court excluded this evidence at Archer's behest because Maldonado could not prove with the requisite certainty that the workers did in fact work for Archer. (Rec. Doc. 52). The Court is convinced that it would be patently unfair to penalize Maldonado for her inability to prove a negative, *i.e.*, that Archer did *not* erect the barriers on the day of the accident when Archer was the party charged by law to erect the barricades for the safety of the motoring public and cannot establish that it did so. This is particularly true where Maldonado's inability to disprove Archer's compliance stems from Archer's own inability to locate the employees who would have first-hand personal knowledge regarding the barricades on the day of the accident. A jury might decide to question the reliability of a workcrew composed of transient, temporary workers. Therefore, if after weighing all the evidence the jury is not persuaded that Archer Western's employees more likely than not placed the barricades as they should have done, then the jury can reasonably conclude that Archer breached its legal duty to Maldonado. Both parties' motions for summary judgment are therefore DENIED.

Finally, the Facebook posts that Archer submitted to the Court for review on May 22, 2015 will be excluded because these posts generally are intended to cast Maldonado in a negative light in ways unrelated to this lawsuit. At the conference held on May 7, 2015, the Court explained that it would not allow Defendants to use this tactic at trial. Regarding complaints of pre-existing back pain, Defendant need not admit the Facebook posts in order to ask Maldonado if she had ever made statements regarding pre-existing back pain. The posts serve no purpose so long as Maldonado answers truthfully.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 57)** filed

by Archer Western Contractors, LLC and Arch Insurance Co., and the **Motion for Partial Summary Judgment (Rec. Docs. 53 & 59)** filed by plaintiff Eileen Maldonado are **DENIED;**

> **IT IS FURTHER ORDERED** that the **Motion for Leave to File a Supplemental Opposition (Rec. Doc.64)** filed by Defendants is **GRANTED.**

July 14, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE